In the Matter of ISRAEL G. YOUNG, Appellant, v. NEWBOLD MORRIS, as Commissioner of Parks of the City of New York, Respondent.—

Under the circumstances, the respondent Commissioner's absolute denial of the permit without specification of alternative suitable location or date was improper. (See Matter of Rockwell v. Morris, 12 A D 2d 272, affd. 10 N Y 2d 721.) The respondent Commissioner has, however, indicated his willingness to issue a permit to the petitioner-appellant and his group in accordance with the provisions of the City Charter and the Rules and Regulations of the Park Department. On the record here, we are satisfied as to respondent's good faith and, in view of our full consideration and construction of the Charter and Rule provisions in Matter of Rockwell v. Morris (supra) we do not deem it necessary or proper that we should spell out in detail the duties of the respondent. Concur — Rabin, J. P., Stevens, Eager and Steuer, JJ.

In the Matter of MILDRED ROBBINS, Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant, and DOROTHY LOWIN et al., Intervenors-Respondents-Appellants.—

No opinion. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

In the Matter of MARJORIE J. TRATE, Petitioner, v. ANNA M. KROSS, as Commissioner of the Department of Corrections of the City of New York, Respondent.—

Concur — Botein, P. J., Breitel, Stevens and Steuer, JJ.; McNally, J., dissents in part as follows: I would confirm the determination insofar as it sustains the charges filed against petitioner. However, I would modify the determination insofar as it dismisses petitioner from the position of correction officer. Petitioner is 25 years old, married and has two sons, six and four. The older boy has been confined to Willowbrook State Hospital, a victim of cerebral palsy since birth. Her husband is an enlisted man in the United States Coast Guard serving on the Seattle, Washington, station. After serving as a provisional, petitioner became a correction officer on October 5, 1959. In my judgment considering the nature of the charges, the punishment was excessive. (See Matter of Nimelman v. Kross, 5 A D 2d 984.)