Hortense W. Gabel, J.
This is a motion under CPLR article 78 by petitioners International Society for Krishna Consciousness, Inc., and Romapada das, a priest of the society and director of its community affairs division, to compel the respondent Park Commissioner to annul the denial of a permit to hold a cultural festival in Washington Square Park on July 23, 1977, and to grant the petitioners’ application.
The society is a religious movement, popularly called Hare Krishna. In 1976, having been given a permit it had held such a festival in Washington Square Park without incident.
In February, 1977 the petitioners applied to the police department and the parks department for permission to proceed down Fifth Avenue on July 23, 1977, to proceed up Fifth Avenue on July 30, 1977 and to hold a cultural festival in the square on July 23, 1977 for four hours.
On April 20, 1977, the police department granted permission for the processions. But the parks department was obviously concerned about the application and that month it denied the permit on the ground that it could not permit a religious ceremony in the park. Petitioners reapplied and clarified that the event was a cultural festival and not a religious ceremony.
Thereafter the department referred the matter to Community Board No. 2 for its opinion, which recommended that the application be disapproved.
During this period, the department offered permits for other areas such as Dag Hammarskjold Plaza at 47th Street between First and Second Avenues, Union Square and Tompkins Square Park at 8th Street and Avenue A. On June 9, 1977, at the department’s suggestion, the petitioners applied for and received a permit to hold the festival at Tompkins Square Park.
On June 17, 1977, the department rejected the Washington Square application on the ground that "the park was not appropriate for this type of function.” The department claims that the factors considered were the size of the group (approxi *423 mately 400), the use of vehicles which would be brought into the park, the lack of seating area or bandshell, the possibility of landscape damage and noise.
It should be noted that in 1976 and 1977 the department did issue the following permits, among others, for the use of the park:
1. April, 1976 and January, 1977 — to the Jewish Cultural Foundation for an ethnic festival for more than 1,000 people.
2. 1976-1977 — for a Palm Sunday Christian Unity service for approximately 400 people.
3. March, 1977 — to the Washington Square Music Fund for a series of five concerts with an expected attendance of 1,000 people.
4. May 5, 1977 — to the Proposition Workshop for three performances for 300 people.
5. June 21, 1977 — to Sound Advice and Company, Alberquerque, New Mexico for 300 people. Ironically, this was after petitioner’s application was rejected.
Numerous other performance permits were granted on an almost routine basis. In denying the permit in this case, the department obviously did not follow its own precedents of the last two years.
In order for the department to prevail, its refusal to grant the permit must not be arbitrary and capricious. (Niemotko v Maryland, 340 US 268; Kunz v New York, 340 US 290.)
While the respondent’s standards for permits for meetings in Washington Square Park were within constitutional limits (People v Nahman, 298 NY 95), the application of these standards was arbitrary and capricious. As noted, permits have been granted for musical, ethnic, religious and theatrical performances for larger audiences in which nonlocal groups have participated. The department’s actions cannot be justified on objective grounds.
The four-month delay in final action indicates that the denial was not based on the "’safety, comfort and convenience of the people in their appropriate use of the public parks’” (Matter of Percikow v Morris, 24 AD2d 745; People v Nahman, supra). Surely, if safety, comfort and convenience were the sole criteria, the department would have acted far more expeditiously, instead of timorously dilly-dallying for four months.
It is clear to this court that the major, if not exclusive *424 reason for rejection was the unpopularity of the society and the community’s dislike and fear of its religious beliefs and practices.
Fear and dislike cannot provide a constitutional basis for denial of this permit.
Parenthetically, Matter of Rockwell v Morris (12 AD2d 272, affd 10 NY2d 721, cert den 368 US 913) and Matter of Young v Morris, (14 AD2d 523) are not relevant to this matter since the question of viable alternatives could only have come up if the original decision to deny the Washington Square permit was reasonable.
Accordingly, the petition is granted.